IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ROSE QUARRELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-846-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Rose Quarrels seeks judicial review of the Commissioner of Social Security's denial of her application for supplemental security income ("SSI") benefits based on disability under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381a-1383. Plaintiff has exhausted all of her administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

The administrative law judge ("ALJ") found that Plaintiff could perform work at all exertional levels, but had some non-exertional limitations that did not prevent her from performing her past relevant work. After careful review of the record, the Court holds the ALJ's decision is supported by substantial evidence on the record, and the Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

## Analysis

Generally, a federal court's review of the Commissioner's decision to deny an application for SSI benefits is restricted to determining whether the Commissioner's decision is consistent with the Social Security Act, the regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. In determining whether a claimant is disabled, the Commissioner follows a five-step evaluation process.[1]

---

[1] The five-step process works as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

Plaintiff alleges her disability began on July 1, 2006. She alleges disability based on bi-polar disorder, nerves, depression, and spasms.

After reviewing the record and conducting a hearing, the ALJ found Plaintiff was not disabled. In reaching this decision, the ALJ found that she had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but had nonexertional limitations which restricted her to non-complex work, such as her past work as a housekeeper.

Plaintiff contends that the ALJ erred in two ways: (1) by making a RFC determination that is not supported by the record; and (2) by improperly weighing the opinion of her treating physician. The Court finds no merit to either argument.

**A.      The ALJ's findings concerning Plaintiff's RFC are supported by the record.**

Plaintiff argues the ALJ erred in formulating her RFC by discounting the opinion of her treating psychiatrist, Dr. Tomas Brillantes, M.D., and placing more reliance on the opinion of Dr. Glen D. Frisch, M.D., the non-examining state agency physician who reviewed Plaintiff's psychiatric records.[2] She contends the ALJ should not have relied on Dr. Frisch's opinion because Dr. Frisch did not consider any evidence submitted after October 2007. She also contends the ALJ should have found her ability to work with the public, co-workers, and supervisors was significantly limited. Pl.'s Soc. Sec. Br. at 7, 9.

The Court notes as an initial matter that Dr. Frisch's October 2007 report is not invalid simply because Plaintiff continued to receive treatment after October 2007, and Dr. Frisch did not subsequently review these records. There is almost always additional evidence submitted after the state agency physician issues his opinion and before the ALJ's decision is rendered.

---

[2] There is a disconnect between the heading for this argument and the argument subsequently made in the body of the brief. The heading reads, "The ALJ did not provide a proper RFC because the record does not contain sufficient medical evidence that addresses Quarrel's ability to work and the ALJ [page break] disorder [sic]." Obviously, this is a typo. The Court has considered the argument raised in the body.

The regulations require the ALJ to consider this additional evidence, and it is clear from the ALJ's discussion of Plaintiff's 2009 therapy sessions that he did so. (R. at 32-33.) Furthermore, there is nothing in the record which indicates that Plaintiff's condition significantly deteriorated after Dr. Frisch issued his opinion. Although case management notes created after October 2007 confirm that socialization continued to be a focus of her treatment because her social activities were unquestionably limited, nothing in the record indicates her social functioning was more than moderately limited, as the ALJ found.

Moreover, the ALJ's decision adequately discussed these limitations. It notes that Plaintiff went to the movies with her mother; spent time every day talking with family members on the phone; shopped with others, although it was just her case manager; and attended church. (R at 32.) Consequently, there is substantial evidence on the record supporting the ALJ's determination that Plaintiff was "not completely isolated" and had no more than "moderate difficulties" in her ability to work with the public, co-workers, and supervisors. (R at 32.)

**B.      The ALJ properly discounted Dr. Brillantes' opinion.**

Plaintiff also contends that the ALJ improperly failed to provide good reasons for discounting Dr. Brillantes' opinion with respect to her RFC. "An ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (internal quotation omitted). In evaluating the medical source statement the ALJ wrote,

> On August 5, 2009, Dr. Brillantes completed a medical source statement in which he checked blocks indicating that the claimant is subject to marked or extreme limitations in her abilities to understand, remember, sustain concentration and persistence and

> interact socially (Exhibit 10F). Dr. Brillantes did not submit a narrative statement supporting or explaining his conclusions, nor did he identify the medical evidence he relied upon in reaching his conclusions. Furthermore, as noted above, Dr. Brillantes' opinions are not consistent with the determinations he reported at repeated mental status examinations. Accordingly, the undersigned grants it little weight in determining the claimant's residual functional capacity.

(Tr. at 33.) The ALJ observed Plaintiff had a routine and conservative treatment history that consisted primarily of prescribing and monitoring medication. (R. at 33.) The ALJ also noted the medication was generally successful in controlling her symptoms without causing side effects that interfered with her ability to work. This is confirmed by Plaintiff's reports during her 2009 therapy sessions and her credible testimony given during her hearing (R. at 12, 31). "If an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010) (internal quotation omitted). Accordingly, the ALJ properly identified inconsistencies between the record and Dr. Brillantes' opinion, and did not err in discounting his opinion.

## Conclusion

After careful examination of the record as a whole, the Court finds the ALJ's determination is supported by substantial evidence on the record, and the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  February 7, 2012             /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT